## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**ANTHONY EARL RIDLEY,**

**Petitioner,**

    **v.**                              **CASE NO. 22-3304-JWL**

**THOMAS L. WILLIAMS,**

**Respondent.**

## MEMORANDUM AND ORDER

This matter comes before the Court on a document entitled "Motion to Review Petition in Light of Good Cause Shown." (Doc. 9.) After reviewing the document, the Court will liberally construe it as a response to the Notice and Order to Show Cause (NOSC) the Court issued on December 16, 2022. The NOSC explained to Petitioner that   to the Court's Notice and Order to Show Cause (NOSC) regarding the timeliness of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. For the reasons explained below, the Court will dismiss this action as time-barred.

## Background

In August 2016, in the District Court of Sedgwick County, Kansas, Petitioner pled guilty to and was convicted of one count each of attempted aggravated indecent solicitation of a child, aggravated battery, and lewd and lascivious behavior. *State v. Ridley*, 2018 WL 3320909, *1 (Kan. Ct. App. July 6, 2018) (unpublished opinion) (*Ridley I*). In October 2016, the district court sentenced him to 24 months of probation with an underlying controlling prison sentence of 34 months. *Id.* In September 2017, the district court found that Petitioner had violated the conditions of his probation, so it revoked his probation and ordered him to serve his underlying prison sentence. *Id.* Specifically,

the district court found that Petitioner had committed domestic battery, violated a court order by residing with children, failed to attend mental health treatment as directed, failed to attend sex offender treatment as directed, and failed to make payments toward court costs as directed. (Doc. 2, p. 75-76, 84-85, 91-92.) Petitioner pursued a direct appeal of the revocation, but in July 2018, the Kansas Court of Appeals (KCOA) affirmed the revocation and dismissed for lack of jurisdiction the portion of the appeal that challenged his original sentence, imposed in 2016. *Ridley I*, 2018 WL 3320909, at *1-2.

In April 2020, Petitioner filed in the District Court of Butler County, Kansas, a motion for state habeas corpus relief under K.S.A. 60-1501. (Doc. 1, p. 3.) *Ridley v. State*, 2021 WL 5027471 (Kan. Ct. App. Oct. 29, 2021) (unpublished opinion), *rev. denied* July 1, 2022 (*Ridley II*). The district court dismissed all of Petitioner's claims except one, holding that K.S.A. 60-1501 was not the proper procedural vehicle for such claims. *Ridley II*, 2021 WL 5027471, at *1. The district court resolved the sole remaining claim—that Petitioner's parole was wrongly revoked in 2019 and the Kansas Prisoner Review Board wrongly refused to reinstate his parole in 2020—by granting the respondent's motion for summary dismissal, holding that the petition was untimely and, alternatively, the arguments lacked merit. *Id.* Petitioner appealed, but the KCOA affirmed the district court and the Kansas Supreme Court (KSC) denied Petitioner's subsequent petition for review.

On December 14, 2022, Petitioner filed in this Court his current petition for federal writ of habeas corpus. (Docs. 1, 3, 4.) Because Petitioner is proceeding pro se, the Court liberally construes his filings, but it may not act as his advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). In Ground One, Petitioner asserts that counsel at the 2017 probation revocation hearing provided ineffective assistance of counsel in three ways. (Doc. 1, p. 5.) In Ground Two, he contends that the state district court violated his constitutional rights under the Fifth, Sixth, and Fourteenth Amendments when it denied certain motions based upon an allegedly erroneous belief that it lacked

2

jurisdiction because he had already filed an appeal. *Id.* at 7.

In Ground Three, he asserts that the state district court and the Kansas Supreme Court violated the same constitutional rights when (1) the district court erroneously applied K.S.A. 22-3716 when revoking his probation; (2) the district court revoked probation based on the commission of the new offense of domestic battery but that charge was later dismissed; and (3) "the Kansas Supreme Court's decision is contrary to the U.S. Supreme Court's clearly established precedent." *Id.* at 8. In Ground Four, he argues that he is actually innocent of the crime of domestic battery. *Id.* at 10. As relief, Petitioner asks that he be discharged from custody without probation, parole, or postrelease supervision. *Id.* at 15.

The Court reviewed the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and, on December 16, 2022, the Court issued a notice and order to show cause (NOSC). (Doc. 5.) It advised Petitioner that this action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). *Id.* at 4. It set forth the applicable law and explained:

> Petitioner's challenges all appear to relate to the revocation of his probation, which occurred on September 14, 2017. (Doc. 1, p. 1.) He pursued a timely direct appeal, which the KCOA decided on July 6, 2018. *See Ridley I*, 2018 WL 3320909, at *1. He then had 30 days to file a petition for review by the KSC. *See* Kan. S. Ct. R. 8.03(b). The online records of the clerk of the Kansas appellate courts reflect that no petition for review was filed. *See* Case No. 118,487, available at https://pittsreporting.kscourts.org/Appellate/CaseDetails?caseNumber=118487.
> Thus, the 30-day petition for review period expired on August 6, 2018 and the one-year AEDPA federal habeas statute of limitations began running the next day. See *Harris v. Dinwiddie*, 642 F.3d 902-07 n.6 (10th Cir. 2011) (holding that the federal habeas limitation period begins to run the day after judgment becomes final). It expired one year later, on August 7, 2019.

*Id.* at 5.

The NOSC further explained that although the AEDPA contains a tolling provision for "time during which a properly filed application for State post-conviction or other collateral review with

respect to the pertinent judgment or claim is pending," it does not appear to apply here because the K.S.A. 60-1501 motion was not filed until April 2020, well after the one-year AEDPA limitation period expired in August 2019. *Id.* at 5-6.

The NOSC acknowledged the assertion Petitioner made in the timeliness section of the petition that he was entitled to the actual innocence exception to the AEDPA statute of limitations, but advised Petitioner that his argument was unpersuasive. *Id.* at 7. Specifically, the Court rejected Petitioner's assertion that jail phone calls in which the alleged victim of domestic abuse stated she fabricated the claim constituted new reliable evidence of the sort required to support an actual innocence claim. *Id.* at 8-9. Similarly, the NOSC explained the distinction between the "cause and prejudice" argument in the petition and the requirements to show equitable tolling of the AEDPA statute of limitations: that an inmate diligently pursued his claim and the failure to timely file the federal petition was caused by extraordinary circumstances beyond his control. *Id.* at 6.

The NOSC also advised Petitioner that the claims in the petition appeared to be unexhausted and it appears that there is no longer a procedural avenue by which to exhaust the claims in state court. *Id.* at 10-11. It set forth the standards for overcoming the rule that generally prevents federal courts sitting in habeas from considering such procedurally defaulted arguments. *Id.* at 11-12. Thus, the NOSC concluded:

> As explained above, the petition currently before the Court does not appear to have been timely filed and it is subject to dismissal unless Petitioner can demonstrate grounds for additional statutory tolling or equitable tolling or he can establish that the actual innocence exception to the time limitation applies. In addition, the petition appears to contain only grounds for relief that are unexhausted and subject to an anticipatory procedural bar unless Petitioner can demonstrate the required cause and prejudice or he can establish that a fundamental miscarriage of justice has occurred. Therefore, the Court will direct Petitioner to show cause why his petition should not be dismissed as time-barred and exhausted. If Petitioner successfully does so, the Court will continue with its review of the petition as required by Rule 4 and issue any further orders as necessary. If Petitioner fails to timely submit a response to this order, this matter will be dismissed without further prior notice to Petitioner.

4

*Id.* at 12-13.

Petitioner obtained one extension of time in which to file his response (Doc. 7) and he timely filed his response to the NOSC on February 6, 2023. (Doc. 9.) The Court has reviewed the response carefully.

## Analysis

The response initially "argues that this matter should not be dismissed due to his failure to commence it within the one-year time limitation; and in the alternative, for his failure to exhaust state court remedies." (Doc. 9, p. 1.) A large portion of the response addresses topics related to exhaustion and procedural default, attacks the 2021 opinion issued by the Kansas Court of Appeals and the Kansas Supreme Court's order denying review of that opinion, and argues the merits of the underlying claims in this federal habeas matter. *Id.* at 1-5, 9-13. Because this Court finds that the issue of timeliness is dispositive in this matter, it need not address the question of exhaustion.

Petitioner asserts in the response that he has made a colorable showing of actual innocence, which the Court will liberally construe as an argument for timeliness. *Id.* at 6. As noted in the NOSC:

> To obtain th[e actual innocence exception to the AEDPA statute of limitations], Petitioner is not required to conclusively exonerate himself; rather, his "burden at the gateway stage is to demonstrate 'that more likely than not any reasonable juror would have reasonable doubt.'" *Fontenot*[ *v. Crow*], 4 F.4th [982,] 1030 [(10th Cir. 2021)] (quoting *House v. Bell*, 547 U.S. 518, 538, 553 (2006)). He must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). But "[a]n actual innocence claim must be based on more than the petitioner's speculations and conjectures." *Taylor v. Powell*, 7 F.4th 920, 927 (10th Cir. 2021).

(Doc. 5, p. 7.)

The new reliable evidence Petitioner identifies in the response is that he "just recently discovered while trying to hire legal counsel" that the district court had violated his constitutional rights by denying certain motions based on a perceived lack of jurisdiction. (Doc. 9, p. 6.) He also

claims that "'had the trial court granted Ridley's motions, he would [have] had a fair chance to prove his innocence with the aid[] of effective assistance of counsel.'" *Id.* at 6-7. As he concedes later, though, the type of evidence that sufficiently supports an actual innocence argument must have been unavailable at trial. *Id.* at 8. Petitioner's previous lack of knowledge about a legal basis for his current argument does not mean that the legal basis was previously unavailable.

Even liberally construing Petitioner's response, he has not shown that this matter was timely filed, nor has he shown that he is entitled to equitable tolling of the one-year federal habeas limitation period or that the actual innocence exception applies. He has shown no persuasive reason for the Court to alter its initial analysis: the probation revocation became final on August 7, 2018 and the AEDPA statute of limitations expired one year later, on August 7, 2019. This matter was not filed until December 2022. Thus, it was untimely filed.

## Conclusion

For these reasons, the Court concludes that the present petition is time-barred under 28 U.S.C. § 2244(d) and that Petitioner has not shown the type of circumstances that justify equitable tolling of the statute of limitations or the application of the actual innocence exception to the statute of limitations. The Court will therefore dismiss this matter as untimely.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional rights. 28 U.S.C. § 2253(c)(2).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that the procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed** as time-barred. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 7th day of February, 2023, at Kansas City, Kansas.


S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge